WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xfinity Mobile, et al., | No. CV-22-01950-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Globalgurutech LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Comcast OTR1, LLC, Comcast Cable Communications LLC, Xfinity Mobile brand, and Comcast Corporation's (collectively "Plaintiffs") Motion for Expedited Discovery. (Doc. 16.) Defendants GlobalGuruTech, LLC, Guru Holdings LLC, and Jakob Zahara (collectively "Defendants") filed a Response (Doc. 21), and Plaintiffs filed a Reply (Doc. 26). The Court will exercise its discretion to resolve this motion without oral argument. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument."). After reviewing the briefing and relevant law, the Court will deny Plaintiffs' Motion for Expedited Discovery for the following reasons.

**I.     BACKGROUND**

This case is about Defendants' alleged scheme to sell improperly procured cell phones. (*See* Doc. 16 at 4–5.) Nearly two weeks after filing the Complaint, Plaintiffs moved for expedited discovery. (*See* Docs. 1; 16.) Plaintiffs seek the Court's permission to serve non-party subpoenas on third parties Plaintiffs believe are in possession of digital information that they are under no duty to preserve. (Doc. 16 at 1.)

## II. LEGAL STANDARD

Parties generally may not seek discovery before a Rule 26(f) conference unless otherwise authorized by the Federal Rules of Civil Procedure, by stipulation, or by court order. *See* Fed. R. Civ. P. 26(d)(1). Courts may authorize early discovery "in the interests of justice," *see* Fed. R. Civ. P. 26(d)(3) and "where good cause is shown," *see Mach 1 Air. Servs., Inc. v. Mainfreight, Inc.*, No. CV-14-01444-PHX-SPL, 2015 WL 11181334, at *1 (D. Ariz. Mar. 5, 2015). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Among other factors, courts consider (1) whether a preliminary injunction is pending; (2) the breadth and purpose of the discovery request; (3) the burden on the defendants to comply with such a request; and (4) how far in advance of the typical discovery process the request was made. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)).

## III. DISCUSSION

Here, Plaintiffs want to serve non-party subpoenas under Rule 45 for the asserted purpose of preserving digital information that those third parties have no current obligation to preserve. (Doc. 16 at 1, 12.) Those third parties include FedEx, UPS, DHL, Amazon, eBay, PayPal, and Craigslist. (*Id.* at 12.) Defendants argue Plaintiffs' request is insufficiently tailored to the parties to be subpoenaed because there is no evidence that Defendants conduct business through FedEx, DHL, Amazon, eBay, or Craigslist. (*Id.*) Defendants also argue that Plaintiffs' request is overbroad because Plaintiffs have not set forth the specific information it wants to subpoena. (Doc. 21 at 8.) Plaintiffs request "[a]t the very least" to serve the subpoenas attached to their Reply. (*See* Doc. 26 at 7, 11 (UPS), 16 (Zelle), 21 (PayPal).)

The Court notes that Plaintiffs have not filed a motion for a preliminary injunction. In their Motion, Plaintiffs state that expedited discovery would inform them of whether it would file such a motion. (Doc. 16 at 11.) A party's "mere inclination" to seek a

preliminary injunction is generally insufficient to justify expedited discovery. *Mach 1*, 2015 WL 11181334, at *1 (citing *Facebook, Inc. v. Various, Inc.*, No. C-11-01805-SBA (DMR), 2011 WL 2437433, at *3 (N.D. Cal. June 17, 2011)). Plaintiffs do assert they will be irreparably harmed if the companies cited fail to preserve the information they seek to subpoena. (Doc. 16 at 9.) But as discussed below, Plaintiffs do not specify the information they seek. Any harm Plaintiffs are likely to suffer is thus attenuated and speculative. The Court finds this factor favors denying Plaintiffs' request.

The Court generally agrees with Defendants that Plaintiffs' request is overbroad. The Complaint contains no allegations that Defendants have used or are using FedEx, DHL, Amazon, eBay, or Craigslist to carry out the alleged scheme. In contrast, Defendants acknowledge the evidentiary basis for Defendants' using UPS and PayPal as part of their business. (Doc. 21 at 8.) Plaintiffs also do not set forth what information it will ultimately subpoena. (*See* Doc. 16 at 12.) They merely assert that "[t]here is vital information concerning the extent and methods of Defendants' unlawful activities in the possession of third parties . . . who are being used by Defendants to perpetrate their Scheme." (*Id.*) But Plaintiffs never explain what information it seeks, except listing some specific data in three draft subpoenas attached to Plaintiffs' Reply. *See Davis*, 673 F. Supp. 2d at 1067 (noting the plaintiff did not identify the topics to be addressed in the early deposition). Defendants highlight Plaintiffs' citing Facebook and LinkedIn's—two companies not implicated by the Complaint—privacy policies to illustrate the potential risk of data erasure. (Doc. 21 at 9.) The Court agrees that these irrelevant policies do little if anything to establish a risk of spoliation. Taken as a whole, Plaintiffs seek to serve subpoenas on many third parties—some of which are not alleged to have facilitated Defendants' alleged scheme—for unspecified digital information, based on two irrelevant companies' privacy policies. The Court finds that the breadth and purpose of Plaintiffs' request favors denial.

Plaintiffs' Motion is catered to third parties, which means Defendants would carry no burden to comply with Plaintiffs' request. This factor thus favors granting Plaintiffs' request. Plaintiffs made this request before Defendants responded to the Complaint via

their Motion to Dismiss. The Court does not find the timing of Plaintiffs' request to favor or disfavor granting their request.

After considering all relevant factors, the Court will deny Plaintiffs' Motion. Plaintiffs offer only mere speculation as to whether the third parties in their Motion have information that would be relevant to their claims. Furthermore, Plaintiffs did not tailor their requests except when preparing an exhibit to their Reply. Any burden to Defendants would be minimal, but the Court nonetheless finds no good cause to permit Plaintiffs to conduct expedited third party discovery.

**IV.     CONCLUSION**

Accordingly,

**IT IS ORDERED** denying Plaintiffs' Motion for Expedited Discovery. (Doc. 16.)

Dated this 8th day of June, 2023.

Honorable Susan M. Brnovich
United States District Judge