# EXHIBIT B

Case 2:12-cv-06473-JD Document 20 Filed 05/06/13 Page 1 of 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SPRINT NEXTEL CORPORATION and SPRINT COMMUNICATIONS COMPANY, L.P.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**NICHOLAS A. CARANGI and MARK JABBARIN,**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 12-6473** |

**O R D E R**

**AND NOW,** this 3rd day of May, 2013, upon consideration of Defendant Majd Jabbarin's Motion to Dismiss the Case/Complaint (Document No. 13, filed January 22, 2013), Defendant Majd Jabbarin's Motion to Dismiss the Case/Complaint (Document No. 15, filed February 7, 2013), Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim (Document No. 16, filed February 8, 2013), and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Case/Complaint Filed on February 7, 2013, (Document No. 17, filed February 21, 2013), **IT IS ORDERED AS FOLLOWS:**

1. That part of Defendant Majd Jabbarin's Motions to Dismiss the Case/Complaint[1] which seeks dismissal of Counts One through Seven, and Nine through Fifteen of the Complaint, is **DENIED**.

2. That part of Defendant Majd Jabbarin's Motions to Dismiss the Case/Complaint which seeks dismissal of Count Eight of the Complaint, is **GRANTED**.

3. A preliminary pretrial conference will be scheduled in due course. Discovery may

1 Defendant Jabbarin submitted two identical Motions to Dismiss, identified as document thirteen and fifteen. For purposes of this Order, the Court refers to them collectively as "Defendant Majd Jabbarin's Motions to Dismiss the Case/Complaint."

proceed in the meanwhile.

The Court's ruling is based on the following:

1. Sprint Nextel Corporation and Sprint Communications Co., L.P. (collectively "Sprint"), brought suit against two defendants, Nicholas Carangi and Majd Jabbarin for, inter alia, trademark infringement as a result of bulk sales of Sprint cellular phones.

2. Defendant Jabbarin moved to dismiss the Complaint on the grounds that, inter alia, it does not specifically allege activity beyond Jabbarin's sale of Sprint iphones via the classifieds website Craigslist. Jabbarin argues that while the Complaint generally alleges "bulk sales" and sales to overseas customers, no specific facts to that effect are alleged. It is Jabbarin's position that the Complaint does not state a claim against him for any of the violations alleged.

3. Jabbarin's Motion fails to address the Complaint in an organized fashion, and does not discuss with particularity the alleged deficiencies in each count. In sum, the Motion amounts to a general attack on the specificity of the facts alleged. The Motion is also entirely lacking in legal support, aside from stating the standard of review.

4. The Court concludes that Counts One through Four, Six, Seven, and Nine through Fifteen of the Complaint are properly pled against defendant Jabbarin. See e.g., TracFone Wireless, Inc. v. Zip Wireless Products, Inc., 716 F. Supp. 2d 1275, 1282 (N.D. Ga. 2010) (denying motion to dismiss similar claims). Defendant Jabbarin's Motion is denied as to such counts.

5. The Court denies defendant Jabbarin's Motion to Dismiss Count Five, Sprint's Unjust Enrichment claim. While "unjust enrichment is inapplicable when the relationship between the parties is founded on written agreements," where a defendant questions the enforceability of

the written agreement at issue, "it is improper to dismiss the unjust enrichment claim." Brown & Brown, Inc., 745 F. Supp. 2d at 625. Because defendant Jabbarin contests the enforceability of the Sprint phone contracts, his Motion is denied as to Count Five.

6. Counts Seven and Eight respectively allege Fraud and Fraudulent Misrepresentation. In its motion papers, Sprint states that the elements of fraud and fraudulent misrepresentation have the same essential elements under Pennsylvania law. Indeed, "[i]t is generally recognized . . . that the elements of fraud and fraudulent misrepresentation are essentially identical." A & F Corp. v. Brown, 1996 WL 466909, at *3 (E.D. Pa. Aug. 15, 1996). The facts alleged for Counts Seven and Eight are also similar. The Court concludes that as Count Eight is duplicative of Count Seven, Count Eight is not properly pled against defendant Jabbarin. See Giannone v. Ayne Inst., 290 F. Supp. 2d 553, 566 (E.D. Pa. 2003) (dismissing duplicative counts and collecting cases). Defendant Jabbarin's Motion is accordingly granted with respect to Count Eight.

**BY THE COURT:**

/s/ Hon. Jan E. DuBois

______________________________

**DuBOIS, JAN E., J.**