C. Adam Buck (023128)
**RADIX LAW**
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ 85254
buck@radixlaw.com
(602) 606-9300
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Xfinity Mobile, et al.,<br>Plaintiffs,<br>v.<br>GlobalguruTech, LLC, et al.<br>Defendants. | Case No. 2:22-cv-01950-SMB<br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS FOUR, TEN, ELEVEN AND TWELVE OF PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>**(Oral Argument Requested)** |

Defendants Global Guru Tech, LLC d/b/a SellLocked, Guru Holdings LLC, and Jakob Zahara hereby file their Reply in Support of their Motion to Dismiss Counts Four, Ten, Eleven and Twelve of Plaintiffs' Amended Complaint for Damages and Injunctive Relief. In their Amended Complaint, Plaintiffs have done nothing more that add "[t]hreadbare recitals of the elements of a cause of action" "supported by mere conclusory statements" prefaced by "upon information and belief" to attempt to address the deficiencies previously noted by the Court in its prior Order (Doc. 35); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Because

Plaintiffs only added conclusory statements to their Amended Complaint, Counts Four, Ten, Eleven and Twelve should be dismissed again, but this time with prejudice.

To survive a Fed. R. Civ. P. ("Rule") 12(b)(6) motion for failure to state a claim, the Complaint must contain specific factual allegations, not merely legal conclusions. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft*, 129 S. Ct.at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).* In other words, Plaintiffs must allege factual allegations specific to these Defendants, not simply what has been typical in the numerous other lawsuits Plaintiffs' counsel has filed for other cell phone carriers against other defendants over the years.

As a general rule, "unless futile, courts generally allow one chance to amend deficient pleadings before dismissing with prejudice." *Floyd v. Dillmann*, 614 F. Supp. 3d 454, 462 (E.D. La. 2022); quoting *Buc-ee's, Ltd. v. Bucks, Inc.,* 262 F. Supp. 3d 453, 467 (S.D. Tex. 2017). Because the Court has already provided one opportunity for Plaintiffs to amend their deficient pleading, Counts Four, Ten, Eleven and Twelve should be dismissed with prejudice.

**A. Plaintiffs' Civil Conspiracy claim (Count Four) should be dismissed again because the Amended Complaint contains insufficient factual matter to indicate a conspiracy is plausible.**

In the Amended Complaint, Plaintiffs alleged that Jakob Zahara is the sole owner of both GGT and Guru Holdings, LLC. Paragraph 19 states "Defendant Jakob Zahara ("Zahara") is an individual residing in Fountain Hills, Arizona. Upon

information and belief, he is the owner and manager of SellLocked [GGT] and Guru Holdings, and is personally engaged in, and helps facilitate, the improper conduct described herein." Count Four is a civil conspiracy claim but a civil conspiracy claim is not an independent cause of action. "A civil conspiracy is not an independent tort, but rather 'requires an underlying tort which the alleged conspirators agreed to commit.'" *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*, 197 Ariz. 535, 545, 5 P.3d 249 (Ct. App. 2000) quoting *Health Indus. Bus. Commc'ns Council Inc. v. Animal Health Inst.*, 481 F. Supp. 3d 941, 959 (D. Ariz. 2020). From the Amended Complaint it appears the underlying tort in this case is fraud. Plaintiffs allege in Count Four that the parties used "fraud and deception." (Doc. 39, page 23).

In its prior ruling, the Court held that a "[c]ivil conspiracy requires that 'two or more individuals agree and thereupon accomplish an underlying tort which the alleged conspirators agreed to commit.'" (Doc. 35, page 7) The Court then noted that the Complaint alleges that Jakob Zahara owns and manages the other two named defendants GlobalGuruTech, LLC and Guru Holdings, LLC and "Xfinity named no other defendants." So, the Court dismissed the civil conspiracy claim. The Amended Complaint still alleges that Jakob Zahara is the sole member that owns and manages the other two named defendants. (Doc. 39, page 5) And Xfinity still has not named any other defendants. Instead, the Amended Complaint alleges a conspiracy between Defendants and three non-parties. The first is SNU Unlockers which the Amended Complaint alleges to be a "notorious oversees bulk unlocker" (Doc. 39, page 23). There are no factual allegations to support why Plaintiffs believe Defendants and SNU Unlockers are in a conspiracy together so presumably it is simply because SNU Unlockers became known to Plaintiffs' counsel in past lawsuits they filed on behalf of other phone carriers against other defendants. This conclusory allegation is nothing more than unsupported speculation.

The Amended Complaint also alleges that Defendants were in a conspiracy with non-parties "Juanita S." and "Morgan G." These are not actual individuals but rather

placeholders for co-conspirators to be named later. These are no more specific than if Plaintiffs had alleged "John Doe" defendants. Plaintiffs should not be allowed to use placeholder names for co-conspirators to be named later. "[A] plaintiff must allege specific facts which support the inference of an agreement." *Wojtunik v. Kealy*, 394 F. Supp. 2d 1149, 1173 (D. Ariz. 2005). Plaintiffs have not alleged any specific facts which support the inference of an agreement among Defendants, SNU Unlockers, Juanita S. and Morgan G. Plaintiffs have simply alleged that Defendants "conspired with" these three non-parties. So, Plaintiffs have failed to allege a conspiratorial agreement.

Plaintiffs might have had a stronger argument if they had at least named SNU Unlockers, Juanita S. or Morgan G. as defendants but they did not. Plaintiffs failed to cite a single case where a conspiracy was alleged when only one defendant was named. *Health Indus. Bus. Commc'ns Council Inc. v. Animal Health Inst.,* 481 F. Supp. 3d 941, (D. Ariz. 2020) (multiple defendants); *Your Town Yellow Pages, LLC v. Liberty Press, LLC*, No. 409CV00642TUCRCC, 2010 WL 11459928 (D. Ariz. Feb. 24, 2010) (multiple defendants)

Plaintiffs cite *Temple v. Synthes Corp.*, 498 U.S. 5, 6, 111 S. Ct. 315, 316, 112 L. Ed. 2d 263 (1990) for the proposition that not all joint tortfeasors need to be named as defendants in a single lawsuit. However, there were no conspiracy claims asserted in *Temple* so that case is unhelpful. Plaintiffs also cite *Andrade v. Station Casinos LLC*, No. 20-CV-06495-EMC, 2021 WL 44419at *1 (N.D. Cal. Mar. 22, 2021) for the proposition that not all joint tortfeasors need to be named as defendants in a single lawsuit. But in *Andrade*, there were also multiple defendants named.

However, more importantly, Plaintiffs only include conclusory allegations of a conspiracy in the Amended Complaint which are insufficient to support a civil conspiracy claim.

> While there is some authority that a conspiracy may be pleaded in general terms, a general allegation of a conspiracy without a statement of the facts

> constituting that conspiracy is only an allegation of a legal conclusion and is ordinarily insufficient to state a cause of action. Bare allegations do not suffice for a civil conspiracy. Thus, the complaint must allege additional acts in furtherance of the conspiracy rather than merely realleging other claims within the complaint. A mere conclusory allegation of a conspiracy does not support the claim. A conclusory allegation of agreement at some unidentified point does not supply facts adequate to show an illegal conspiracy.
>
> 15A C.J.S. Conspiracy § 29

The Amended Complaint does not contain sufficient facts. For example, with respect to SNU Unlockers, the Amended Complaint states "[u]pon information and belief, Defendants conspired with notorious overseas bulk unlocker SNU Unlockers, to unlock obtained XM phones for overseas trade." (Doc. 39, page 23) But when was the conspiracy formed? How was it formed? The claims involving Juanita S. and Morgan G. are similarly deficient. It states that Defendants conspired with Juanita S. and Morgan G. "to engage in the Scheme, namely, to use fraud and deception to unlawfully acquire brand new XM phones with the sole intention to resell them at a substantial profit." But when was this agreement made? What "fraud and deception" did Juanita S. and Morgan G. use to obtain new XM phones? Furthermore, "Juanita S." and "Morgan G." are not actual people but rather pseudonym placeholders for unidentified individuals or entities to be named in the future.

The civil conspiracy allegations against all three non-parties are based "[u]pon information and belief." (Doc. 39, page 23) But "where 'allegations of fraud are explicitly or, as in this case, implicitly, based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief.'" *Int'l Motor Contest Ass'n, Inc. v. Brzezinski Racing Prod., Inc.*, No. 18-CV-124-LTS, 2019 WL 13216345, at *15 (N.D. Iowa July 10, 2019) citing *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir. 1991). In *Brzezinski*, the plaintiff also named "John Doe" defendants to be identified later after conducting discovery. Defendants moved to dismiss because plaintiff failed to allege the "who, what, when,

where, and how" in their fraud claim. *Brzezinski*, 2019 WL 13216345, at *14. The plaintiff argued that "those pieces of the fraud puzzle will all fall into place" once the identity of the John Does are discovered. *Id*. The Court said that "where 'allegations of fraud are explicitly or, as in this case, implicitly, based only on information and belief, the complaint must set forth the source of the information and the reasons for the belief." *Id.* at 15 quoting *Romani v. Shearson Lehman Hutton, 929 F.2d 875, 878 (1st Cir. 1991).* Because the complaint did not sufficiently set forth the source of and reasons for the belief, the civil conspiracy claim in *Brzezinski* was dismissed. Similarly, here, the Amended Complaint does not provide the source of and reasons for Plaintiffs' belief that there is an agreement among Defendants, SNU Unlockers, Juanita S. and Morgan G. Because the Amended Complaint contains only conclusory allegations of a civil conspiracy, Count Four should be dismissed with prejudice.

**B. Plaintiffs' Trademark Infringement Claims (Counts Ten, Eleven and Twelve) should be dismissed because GGT's use of the Xfinity logo for sellers to use on its website is permissible under the doctrine of nominative fair use.**

In their Response, Plaintiffs cite the three-prong test used to determine nominative fair use, namely "whether (1) the product was 'readily identifiable' without use of the mark; (2) defendant used more of the mark than necessary; or (3) defendant falsely suggested he was sponsored or endorsed by the trademark holder." *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175–76 (9th Cir. 2010). These three factors were cited in Defendants' original Motion to Dismiss. Defendants argued they met all three factors. The court agreed and previously dismissed Counts Ten, Eleven and Twelve. Nothing in the Amended Complaint should change the prior analysis of the Court in determining that the doctrine of nominative fair use applies in this case. So, the Court should again dismiss Counts Ten, Eleven and Twelve. Defendants meet all three requirements. First, an Xfinity phone is not readily identifiable without the use of the Xfinity mark. Second, the Defendants used the Xfinity mark (along with the marks of four other carriers) but only after a seller

indicates an interest in selling their phone. In other words, the Xfinity mark was not used in any advertising. Third, there are no factual allegations that GGT falsely suggested that it was sponsored by, endorsed by, or affiliated with Xfinity. The fact that four other cell phone carrier marks were also included would suggest otherwise.

In their Response, Plaintiffs argue that the mere usage of the Xfinity logo suggests an affiliation with Xfinity. They cite numerous cases to support their position, but all cases cited involve defendants using the mark in connection with the resale of products to consumers. Here, it is only used so the seller of the phone can identify the type of phone they want to sell. Plaintiffs must allege more than simply the seller's use of the Xfinity mark to identify the type of phone to show that GGT was falsely suggesting an affiliation with or an endorsement from Xfinity. The Amended Complaint alleges "Upon information and belief, Defendants use the Xfinity Mobile Marks in the advertising, promotion and resale of their materially different phones." But there are no statements of fact to support that conclusory statement. Plaintiffs cannot "merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Warren v. ResMed Corp.*, No. 21 CIV. 8531 (JFK), 2022 WL 2334055, at *3 (S.D.N.Y. June 28, 2022) quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018). "Factual allegations made on information and belief must 'be accompanied by a statement of the facts upon which the belief is founded.'" *Id.*

In its prior Order, the Court ruled that the doctrine of nominative fair use warrants dismissal of Counts 10-12. The Court explained that "[g]iven the large number of mobile service providers, the mark's use in the Complaint was to differentiate the carrier of the origin of the iPhones GGT would buy." (Doc. 35, page 10) The same screenshot of GGT's website containing the logos of five cell phone carriers (including Xfinity) that was in the original Complaint was also included in the Amended Complaint. There is nothing in the Amended Complaint that should alter the Court's previous analysis of the application of the nominative fair use defense.

In their Response to the Motion to Dismiss, Plaintiffs spend a significant amount of time rearguing the material difference exception that was previously rejected by the Court. In its Order the Court said, "[t]he Court rejects Xfinity's material difference arguments to the extent that the Complaint's specific allegation about GGT's use of Xfinity's mark was limited to the website's categorizing the phones GGT would purchase." (Doc. 35, page 10) The Court then noted "[t]here are no allegations that GGT has used Xfinity's mark to resell the phones it purchases." No such allegations were included in the Complaint because Plaintiffs had no basis to make such statements. However, when the Court Order alerted Plaintiffs that to save their trademark claims they had to make allegations that GGT used Xfinity's mark to resell the phones it purchases, Plaintiffs added the allegations, even though there still is no factual basis for them. For example, in the Amended Complaint, Plaintiffs allege "[u]pon information and belief, Defendants use the Xfinity Mobile Marks in the advertising, promotion and resale of their materially different phones." (Doc. 39, page 16). Because Plaintiff have no factual basis, they had to preface the statement with "upon information and belief." But making conclusory statements "upon information and belief" without any factual support will not save Plaintiffs' trademark claims from being dismissed again.

In *Warren v. ResMed Corp.*, No. 21 CIV. 8531 (JFK), 2022 WL 2334055 (S.D.N.Y. June 28, 2022) the plaintiff brought a products liability action against the defendant based on the malfunction of the defendant's ventilator. The plaintiff alleged nine causes of action. Defendant then moved to dismiss four of the nine causes of action for failure to state a claim. The court ultimately dismissed the four causes of action because they were based entirely on "upon information and belief" allegations. In her failure-to-warn claim, the plaintiff alleged that, "[u]pon information and belief," the decedent's doctor was provided with a User Guide that one of the defendants prepared and that, she alleged, contained inadequate warnings. *Warren v. ResMed Corp.*, No. 21 CIV. 8531 (JFK), 2022 WL 2334055, at *2 (S.D.N.Y. June 28, 2022).

Similarly, in the breach of express warranty claim, the plaintiff alleged, "upon information and belief," that the doctor and the decedent had "received, read, and reviewed" the defendants' User Guide and Patient/Caregiver Instruction warranting "that the ventilator was fit, was reasonably safe, capable, and was of merchantable quality." Id. In its decision, the Court recognized that "[t]he Twombly plausibility standard ... does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant ... or where the belief is based on factual information that makes the inference of culpability plausible." *Id*. at *3 quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (cleaned up). However, the Court said a plaintiff cannot "merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Id*. quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018). The Court held that "[f]actual allegations made on information and belief must "be accompanied by a statement of the facts upon which the belief is founded." *Id*. quoting *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 461 (S.D.N.Y. 2016) (internal quotation omitted), *aff'd*, 759 F. Appx. 42 (2d Cir. 2019); *see also Munoz-Nagel v. Guess, Inc.*, No. 12 Civ. 1312 (ER), 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30, 2013) ("Though a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be accompanied by a statement of the facts upon which the belief is founded."). *Id*.

In *Warren*, the court said the amended complaint was bereft of any facts that would support the conclusory statements. *Id*. at *4; *see also Teixeria v. St. Jude Med. S.C., Inc.*, 193 F. Supp. 3d 218, 225 (W.D.N.Y. 2016) (dismissing express warranty claim where "Plaintiff has not pleaded any facts regarding where, when, and how the alleged statements and promises regarding the [product] were made to him or his physicians by a representative of [the Defendant]" (emphasis in original))

Similarly, here, Plaintiffs have not provided any factual allegations of where, when, and how the Defendants have used the Xfinity Mobile Marks in advertising, promotion, and resale of any phones, so the allegations are purely speculative. Accordingly, the inclusion of such unsupported conclusory statements should not change the Court's prior analysis and the trademark claims in the Amended Complaint should be dismissed again.

In *Warren*, the plaintiffs argued that they would likely be able to provide the relevant facts after conducting discovery, but the court said "[a] plaintiff who has failed adequately to state a claim is not entitled to discovery." *Id*. at *5 quoting *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016); *see also Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." (citation omitted).

**C. The "materially-different" argument fails because GGT does not resell phones to consumers.**

Defendants Motion to Dismiss relies on the nominative fair use doctrine to seek dismissal of Plaintiffs' trademark claims. In their Response, Plaintiffs cite the "Material-Difference Exception to o the First Sale Doctrine. But Defendants' Motion to Dismiss did not argue the First Sale Doctrine. So, the Court should ignore the case law Plaintiffs cited and the arguments Plaintiffs asserted regarding the "Material-Difference Exception." The "Material-Difference Exception" is not an exception to the Nominal Fair Use Doctrine. But even if it were, it would not apply because GGT does not resell phones to any consumers. The Amended Complaint alleges that Defendants "are fraudulently acquiring and reselling XM Phones in bulk." (Doc. 39, page 9). There are no allegations that GGT is reselling XM phones to any consumers. And if GGT does not resell XM phones to consumers, there can be no consumer confusion. Each

case cited by Plaintiffs in their Response regarding the "Material-Difference Exception" involves a defendant that is reselling goods to consumers, which is not the case here.

In their Response, Plaintiffs cite *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1069 (10th Cir. 2009) to support their "Material Difference Exception" argument. In *Beltronics*, the defendant was not an authorized dealer, but it had acquired Beltronics equipment from authorized dealers. The defendant then began selling the Beltronics equipment as "new" on eBay directly to consumers. "A guiding principle in evaluating whether a difference between two products bearing the same trademark is material is whether the difference **'confuses consumers** and impinges on the ... trademark holder's goodwill.'" *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1073 (10th Cir. 2009) (emphasis added) quoting *Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc.*, 982 F.2d 633, 638 (1st Cir. 1992). Because GGT is not reselling phones to any consumers, there can be no consumer confusion and the "Material-Difference Exception" does not apply.

**D. The decisions of other courts, based on different facts, involving different defendants, are not helpful.**

In their Response, Plaintiffs cite to other cases filed by Plaintiffs' counsel, with different causes of action and different facts, to persuade the court to deny this Motion to Dismiss. However, a motion to dismiss tests the sufficiency of the complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565, 127 S. Ct. 1955, 1971, 167 L. Ed. 2d 929 (2007). So, unless the facts set forth in all complaints were identical, what the judges did in *Devin Tech*, or any of the other cases cited by Plaintiffs are unhelpful in adjudicating this Motion to Dismiss. And although Plaintiffs include two orders denying motions to dismiss, they failed to attach the corresponding complaints for the court to analyze. So, the Court should disregard those cases and the two Orders attached as Exhibits A and B to their Response.

**E. Defendants complied with Local Rule 12.1(c).**

In their Response, Plaintiffs argue that the Court should deny the Motion to Dismiss on procedural grounds because Defendants did not comply with Local Rule 12.1(c) which requires the moving party to include "a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." But Defendant *did* file a Certificate of Personal Consultation in connection with this Motion to Dismiss. Since last December, Defendants have had several phone calls and emails regarding the perceived deficiencies in the Plaintiffs' claims by the Defendants. Defendants' issues with the claims in the original Complaint are the same issues Defendants have with the claims in the Amended Complaint. These are not new issues or new arguments. The reason Defendants were required to file the first Motion to Dismiss and now a second Motion to Dismiss is not for lack of communication between Defendants and Plaintiffs regarding Defendants' issues with the Complaint and Amended Complaint. Defendants have been required to file these motions because Plaintiffs and Defendants see the law very differently and Plaintiffs are unwilling to withdraw any claims or make any amendment to their pleadings without being forced to by the court.

## CONCLUSION

The Court previously dismissed Counts Four, Ten, Eleven and Twelve but gave Plaintiffs the opportunity to file an amended complaint. But the Amended Complaint does not contain any more factual allegations than the original complaint, it just makes conclusory statements prefaced by "upon information and belief" to try to fill the holes in the Complaint previously identified by the Court. But factual allegations made on information and belief must be accompanied by a statement of the facts upon which the belief is founded. *Warren v. ResMed Corp.*, No. 21 CIV. 8531 (JFK), 2022 WL 2334055, at *3 (S.D.N.Y. June 28, 2022). Because there is no statement of facts to support the "upon information and belief" allegations, the Court should again dismiss

Counts Four, Ten, Eleven, and Twelve. By dismissing speculative claims that do not meet the plausibility standard, Courts can reduce the cost of litigation and make justice more accessible to individuals and organizations seeking resolution to their disputes. It also minimizes the waste of judicial resources and the inconvenience and expense to non-parties.

Plaintiffs' Civil Conspiracy claim (Count Four) should be dismissed because 1) the Amended Complaint contains no factual allegations to suggest an agreement among Defendants, SNU Unlockers, "Juanita S." and "Morgan G"; and 2) Jakob Zahara and his LLCs are still the only named Defendants in this lawsuit. Plaintiffs' Trademark Infringement Claims (Counts Ten, Eleven and Twelve) should be dismissed because GGT's use of the Xfinity logo falls within the parameters of nominative fair use. As a general rule, "unless futile, courts generally allow one chance to amend deficient pleadings before dismissing with prejudice." *Floyd v. Dillmann*, 614 F. Supp. 3d 454, 462 (E.D. La. 2022). Because the Court already gave Plaintiffs the chance to amend these claims, the dismissal should be with prejudice.

DATED: August 11, 2023.

**RADIX LAW**

*/s/ C. Adam Buck*
C. Adam Buck
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2023, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

By: */s/ K. Edmondson*