C. Adam Buck (023128)
**RADIX LAW**
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ 85254
buck@radixlaw.com
(602) 606-9300
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Xfinity Mobile, et al.,

Plaintiffs,

v.

GlobalguruTech, LLC, et al.

Defendants.

Case No. 2:22-cv-01950-SMB

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENAS TO SIX GGT BUSINESS CONTACTS AND FOR PROTECTIVE ORDER**

**(Oral Argument Requested)**

Defendants Global Guru Tech, LLC d/b/a SellLocked, Guru Holdings LLC, and Jakob Zahara hereby file their Reply in Support of Motion to Quash Subpoenas to Six GGT Business Contacts.

## I. Introduction.

Comcast is a multi-billion-dollar corporate behemoth. In this case, Comcast has alleged a vast conspiracy where there is none. It has a history of filing lawsuits around the country in an effort to shut down phone resellers like GlobalGuruTech, LLC ("GGT"). Comcast is used to being the 800-pound gorilla wherever it goes. It is no different here. Comcast has issued a barrage of 18 subpoenas attempting to damage GGT's business relationships. Comcast is agitated that GGT is not just sitting back and

allowing Comcast to do whatever it wants. In its Response Comcast argues that not even this Court can curtail its penchant for issuing subpoenas. Comcast argues that this Court cannot quash the subpoenas or enter a protective order because the Court lacks jurisdiction and the Defendants lack standing.

Instead of allowing Comcast to steamroll its business, GGT has objected to all 18 subpoenas because they are overly broad in scope and because Comcast's civil conspiracy claim was previously dismissed by the Court. If Comcast's civil conspiracy claim is dismissed, it has no basis for issuing subpoenas to individuals and companies that may have sold phones to GGT. After its civil conspiracy claim was dismissed, Comcast filed an Amended Complaint and again asserted the same, deficient civil conspiracy claim. So, GGT filed a second Motion to Dismiss. But before the Court has had a chance to rule on the second Motion to Dismiss, Comcast issued 18 subpoenas fishing for any possible co-conspirators. Additionally, several of the subpoenas were issued prematurely based on the Case Management Order.

After a recent discovery dispute telephonic hearing on September 5, 2023, the Court enjoined Comcast from issuing any more subpoenas for the time being. The minute entry stated: "IT IS ORDERED that Plaintiffs are prohibited from issuing any more subpoenas until the court can rule on the pending Motion to Dismiss." (Doc. 60) If the Court again dismisses Plaintiffs' civil conspiracy claim, it should quash these six subpoenas or enter an appropriate protective order. If the Court requires the subpoenaed parties to respond, it should modify the scope of the subpoenas to include only documents related to transactions involving Xfinity phones.

**II. The Court has full authority to rule on Defendants' Motion**.

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir.2011). The law is clear that "pursuant to Rule 26(c)(1)(B), Fed.R.Civ.P., a party may move for an order to protect itself from

'annoyance, embarrassment, oppression, or undue burden or expense.'" *Blotzer v. L-3 Commc'ns Corp.*, 287 F.R.D. 507, 509 (D. Ariz. 2012). "Rule 26(c)(1) provides that the court may, for good cause, issue an order to protect a party or person from 'undue burden;' **the court's ability to issue such an order is not limited to circumstances in which the burdened party is the party 'from whom discovery is sought**.'" *Id*. at 510 (emphasis added). Plaintiffs cite <u>KeyBank Nat'l Ass'n v. Neumann Dermatology LLC</u>, No. CV-21-00133-PHX-JJT, 2022 WL 11861411, at *2 (D. Ariz. Jan. 3, 2022) for the opposite position. But because both of these decisions were rendered by district court judges, neither are binding on this court. A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case. *Camreta v. Greene*, 563 U.S. 692, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011). "[F]ederal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court." *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 428, 131 S. Ct. 2527, 2540, 180 L. Ed. 2d 435 (2011). Accordingly, this Court has broad discretion to manage discovery and to control the course of litigation, including quashing or modifying subpoenas or issuing protective orders.

## III. The scope of the six subpoenas is overly broad.

To be permissible, the discovery must be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Comcast is in the process of issuing subpoenas to anyone that has sold *any* type of cell phone, Xfinity or otherwise, to GGT. These six subpoenas are just the tip of the iceberg. Plaintiffs intend to carpet bomb GGT's entire customer list with subpoenas. This will cause Defendants a substantial amount of annoyance, embarrassment and oppression. It will chill all business relationships and will cause GGT's phone selling customers to take their business elsewhere for fear of getting a federal court subpoena.

Rule 26 gives the Court the authority to protect Defendants from this annoyance, embarrassment and oppression. It the court does not keep Comcast in check, Comcast

will misuse the subpoena process to destroy GGT's business. "A party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *In re REMEC, Inc. Sec. Litig.,* No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008); *See Auto–Owners Insurance Co. v. Southeast Floating Docks, Inc.,* 231 F.R.D. 426, 429 (M.D.Flor.2005); *Washington v. Thurgood Marshall Acad.,* 230 F.R.D. 18, 22 (D.D.C.2005) (deeming a party's motion to quash subpoenas issued to non-parties as a motion for protective order under Rule 26(c)); *Moon v. SCP Pool Corporation,* 232 F.R.D. 633, 636–37 (C.D.Cal.2005). GGT's own interests are jeopardized by Plaintiffs issuing subpoenas to these six GGT business contacts and they will be further jeopardized when the issue additional subpoenas to the rest of GGT's customer list.

The *REMEC* case was considered by the court in In KeyBank Nat'l Ass'n v. Neumann Dermatology LLC, No. CV-21-00133-PHX-JJT, 2022 WL 11861411 (D. Ariz. Jan. 3, 2022). Ultimately, the court declined not to follow it because the facts in that case were distinguishable from those in REMEC. *KeyBank,* No. CV-21-00133-PHX-JJT, 2022 WL 11861411, at *2. In KeyBank, the only harm defendants pointed to was 1) the information harmful to its claims or defenses; and 2) it would be costly to respond to the subpoenas. Here, however, the harm is much greater. Comcast is starting the process of issuing subpoenas to GGT's entire customer list which will damage business relationships and cause GGT's customers to sell their phones elsewhere.

In addition, the six subpoenas exceed the scope of discovery set forth in Rule 26 which permits discovery "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The scope of Comcast's Amended Complaint is limited to Xfinity phones. However, the scope of the six subpoenas is *not* limited to Xfinity phones. It includes all types of phones (e.g., Sprint, AT&T, Verizon, T-Mobile). The six subpoenas request all documents and communications between the named entity and any of the Defendants,

"including, but not limited to, electronic records, e-mails, text messages, WhatsApp messages, written statements, notes, reports, correspondence, invoices, purchase orders, receipts, sales orders, statements, shipping records, payment records, all activation confirmations, tax identification numbers, surveillance footage, customs forms, IMEI numbers, and serial numbers."

In Comcast's Response, it claims that even though its Amended Complaint is limited to Xfinity phones, Plaintiffs should not have to limit the scope of their discovery to Xfinity phones because "traffickers often attempt to avoid detection by referring to XM phones without making reference to the word Xfinity Mobile" and "[t]raffickers have become adept at using symbols and/or code words, making it extremely difficult to craft document requests in a way that will yield documents pertaining to XM phones." (Doc. 62, page 9, lines 25-28) But Comcast has no evidence that any of these Defendants are doing any of these things; rather, only that *other* defendants in *other* cases have done those things. Again, Comcast is attempting to use the actions and misconduct of others against these Defendants.

In *REMEC,* the plaintiff sought information related to the valuation of *any* REMEC assets by [the subpoenaed parties]. The Court ruled the requests were over broad and should have been limited to the specific assets named in the complaint. *In re REMEC, Inc. Sec. Litig.*, No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *3 (S.D. Cal. May 30, 2008). Similarly, here, Comcast's requests should be limited to Xfinity phones as the claims in the Amended Complaint are limited to Xfinity phones. Based on the express wording of Comcast's Amended Complaint, these requests far exceed the scope of the claims and defenses asserted and Comcast has failed to demonstrate good cause to broaden the scope of discovery beyond the claims or defenses as set forth by Rule 26(b)(1).

**IV. Conclusion.**

Comcast is a multi-billion-dollar company that wields its money and power to financially punish smaller businesses it does not like, such as GGT. Despite the assertion of Comcast to the contrary, this Court has full authority to control discovery, including quashing or modifying subpoenas or entering a protective order. There is no question that the scope of these six subpoenas far exceeds the scope of the claims in the Amended Complaint. However, the Court must decide whether Plaintiffs have demonstrated good cause to broaden the scope of discovery beyond the claims or defenses as set forth by Rule 26(b)(1).

DATED: September 22, 2023.

**RADIX LAW**

*/s/ C. Adam Buck*
C. Adam Buck
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2023, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

By: */s/ K. Edmondson*