**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xfinity Mobile, et al., | No. CV-22-01950-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Globalgurutech LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Quash Plaintiffs' Subpoenas to Zelle, UPS, and Paypal (Doc. 42) and Defendants' Motion to Quash Plaintiffs' Subpoenas to Five Banks and American Express and for Protective Order (Doc. 53). Plaintiffs have filed responses (Docs. 47 and 56) and Defendants filed replies (Docs. 52 and 61). Oral argument was held on September 5, 2023. After considering the parties' arguments and the relevant law, the Court will deny Defendants' Motions for the reasons discussed below.

**I.   BACKGROUND**

This case is about Defendants' alleged scheme to sell improperly procured cell phones. (Doc. 16 at 4–5.) These Motions are part of an ongoing discovery dispute. (Doc. 53 at 1.) The subpoenas implicated here were sent by Plaintiffs to third parties who conduct business with Defendants. (Doc. 62 at 2.) None of the third parties object to the subpoenas, however, Defendants argue that the Court should quash each of these subpoenas for being overly broad. (Docs. 53 and 57.) Alternatively, in the event the Court finds Defendants do not have standing to quash third-party subpoenas, they ask the Court to grant protective

orders over the information. (*Id.*) Plaintiffs argue that these subpoenas are necessary to their claims, and the third-party nature helps ensure the accuracy and completeness of such necessary information. (Doc. 62 at 10.) Plaintiffs further argue that Defendants' concerns regarding confidentiality of certain information is mitigated by the parties agreeing to a confidentiality order. (*Id.*)

For the reasons outlined below, the Court finds that Defendants do not have standing to move to quash these third-party subpoenas. The Court also finds that Defendants do not sufficiently show that a protective order is a necessary alternative.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3)(A) states that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Moreover, "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B).

"Ordinarily, only the party served with a subpoena has standing to move to quash it." *Oyenik v. Corizon Health Inc.*, No. CV-13-01597-PHX-SPL(BSB), 2014 WL 12787872, at *1 (D. Ariz. Nov. 20, 2014). "A party has standing to challenge a subpoena served on another entity only if the party can show it has a personal right or privilege regarding the subject matter of the subpoena." *Blotzer v. L-3 Commc'ns Corp.*, 287 F.R.D. 507, 509 (D. Ariz. 2012). This includes confidential research, development, or commercial information, but the objecting party must show their own information is at risk, not merely the third party's information. *See Wells Fargo & Co. v. ABD Ins.*, No. C 12-03856-PJH(DMR), 2012 WL 6115612, at *3 (N.D. Cal. Dec. 10, 2012).

A party can also show a personal right or privilege through "information which could expose the moving party to annoyance, embarrassment, oppression, or undue burden or expense." *Firetrace USA, LLC v. Jesclard*, No. CV-07-2001-PHX-ROS, 2008 WL

5146691, at *2 (D. Ariz. Dec. 8, 2008) (cleaned up). However, a party's objection that the third-party subpoena "seeks irrelevant information or imposes an undue burden on the nonparty are not grounds on which a party has standing to move to quash a subpoena issued to a non-party." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, No. 2:04-CV-01199-DAE-GWF, 2007 WL 119148, at *3 (D. Nev. Jan 9, 2007).

### III. DISCUSSION

#### A. Jurisdiction

Plaintiffs first argue that this Court is not the proper jurisdiction to hear this motion because the motion should have been brought in Georgia, as that is the state where compliance is required. (Doc. 62 at 4.) Defendants argue that this Court has jurisdiction because it is the Court that issued the subpoenas. (Doc.61 at 2.) Neither side has cited a case where a law firm demands compliance outside of the state where they filed the original action. Further, Plaintiffs requested this Court to issue the subpoenas while at the same time demanding that the documents requested be mailed to and/or delivered to their office in Georgia. (Doc. 62 at 4.)

In *Venus Med. Inc. v. Skin Cancer & Cosm. Dermatology Ctr. PC*, No. 15-00062MC, 2016 WL 159952, at *1 (D. Ariz. Jan. 14, 2016), the subpoenas were issued out of the Northern District of Georgia, the respondents were Arizona residents, and the documents were to be produced in Phoenix. There, the Court transferred the motion to enforce the subpoenas back to Georgia based on exceptional circumstances. *Id.* at *4. In *ABC Corp. v. XMission LC*, No. MC-21-00007-PHX-DWL, 2021 WL 1751294 (D. Ariz. May 4, 2021), the Utah court issued the subpoena, the respondent was an Arizona resident, with ordered disclosure in Utah. The Arizona court transferred the motion to quash to Utah. *Id.* at *1.

Here, Plaintiffs filed their case in Arizona, this Court issued the subpoenas, and the various respondents are citizens of California, New York, Minnesota, Oklahoma, Missouri and Georgia. Georgia has nothing to do with the litigation. Therefore, the Court finds Arizona is the proper jurisdiction to hear this motion.

### B. Standing

Defendants do not have standing over their raised objections. First, Defendants cannot object to the subpoenas' relevancy, or any undue burden placed upon the subpoenaed party. *See Miller v. York Risk Servs. Grp.*, 2:13-CV-1419 JWS, 2015 WL 11120710, at *1 (D. Ariz. Feb. 12, 2015) ("[A] party lacks standing to challenge a third-party subpoena on the grounds of relevancy or undue burden imposed on the non-party when the non-party has not objected."). The cases Defendants cite where the Court considered relevancy all involved objections made by the third party. *Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement*, No. 210CV00290DAEBGM, 2016 WL 159842, at *1 (D. Ariz. Jan. 14, 2016) (considering an objection made by non-party Errol L. Montgomery & Associates, Inc.); *Aquastar Pool Prod. Inc. v. Paramount Pool & Spa Sys.*, No. CV-19-00257-PHX-DWL, 2019 WL 250429, at *1 (D. Ariz. Jan. 17, 2019) (considering an objection by Paramount, an Arizona-based non-party).

Defendants also fail to articulate a personal right or privilege regarding the information sought. *See Blotzer*, 287 F.R.D. at 509 ("A party has standing to challenge a subpoena served on another entity only if the party can show it has a personal right or privilege regarding the subject matter of the subpoena."). As to the bank subpoenas, "there is no privilege between a bank and a depositor." *Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007); *see also United States v. Miller*, 425 U.S. 435, 442 (1976) (holding that a bank customer has no "legitimate expectation of privacy" in the contents of checks, deposit slips, and other banking documents). As to the Zelle, PayPal, and UPS subpoenas, Defendant claims that they have a protectable right in their client list. However, they provide no authority for this proposition. Further, despite Defendants' contention otherwise, the Court does not find that Plaintiffs' subpoenas were issued to cause Defendants' embarrassment, annoyance, and oppression with a non-party customer. *See Jesclard*, 2008 WL 5146691, at *2.

### C. Protective Order

Alternatively, Defendants ask this Court to construe the motions to quash as a

motion for protective order under Rule 26.  *See* Fed. R. Civ. P. 26. (a party may move for a protective order to protect itself from "annoyance, embarrassment, oppression, or undue burden or expense.").  So long as the protected information can be tied back to one of these listed interests, a party can make a motion under this rule even if they are seeking to prevent disclosure of information by a non-party.  Fed. R. Civ. P. 26(c).

Here, Defendants argue that the subpoenas to Zelle, UPS, and PayPal seek personal information related to the individual defendant Jakob Zahara.  (Doc. 57 at 5.)  Defendants further argue that the information from UPS will not identify what was shipped, so it is not limited to Xfinity phones, the lawsuit's subject.  (*Id.* at 6.)  They argue that as a result, Plaintiffs would get information related to any customer or client, no matter what they are selling or buying. (*Id.*)  Plaintiffs argue that the information is relevant to their claims and damages. (Doc. 62 at 2.)  They also argue that it will assist in identifying Defendants' co-conspirators.  (*Id.*)  Plaintiffs point out that handset traffickers are adept at avoiding detection, in part by avoid using the word "Xfinity" during transactions.  (*Id.* at 3.) Therefore, to get useful information, Plaintiffs need to use broader terms and cannot just limit the search to Xfinity phones.  The Court finds this argument persuasive.  Finally, Plaintiffs argue that they should not be hamstrung to rely solely on Defendants' discovery and production, especially where there are claims of fraud and misrepresentation.  The Court agrees.  By allowing access to third party information —especially where the third parties have not objected to the fraud claims —the Court is better positioned to ensure complete and accurate information. *Insubuy, Inc. v. Community Ins. Agency, Inc.*, No. 11-MC-0008-PHX-FJM, 2011 WL 836886, at*3 (D. Ariz. Mar. 9, 2011).  Defendants "overarching concern" relates to confidentiality of individual consumers who have purchased cell phones through them.  The Court recognizes that confidentiality is important, however, relevant parties have agreed to a confidentiality order which mitigates these concerns.

Because all implicated Subpoenas seek information directly relevant to Plaintiffs' claims, the Court will deny both of Defendants' motions to quash subpoenas.  Further,

because Defendants have not sufficiently demonstrated their need under Rule 26, the Court will also deny Defendants' motion for a protective order.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Defendants' Motion to Quash Plaintiffs' Subpoenas to Five Banks and American Express and for Protective Order (Doc. 53)

**IT IS FURTHER ORDERED** denying Defendants' Motion to Quash Plaintiffs' Subpoenas to Zelle, UPS, and Paypal (Doc. 42).

Dated this 13th day of October, 2023.

Honorable Susan M. Brnovich
United States District Judge