**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xfinity Mobile, et al., | No. CV-22-01950-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Globalgurutech LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Comcast OTR1, LLC; Comcast Cable communications, LLC; their Xfinity Mobile brand; and Comcast Corporation's (collectively, "Plaintiffs") Motion to Dismiss Count IV under Federal Rule of Civil Procedure ("Rule") 15(a), or, in the alternative, Rule 41(a)(2), and Motion For Entry of Final Judgment pursuant to Rule 54(b). (Doc. 289.) Defendants GlobalGuruTech, LLC d/b/a SellLocked and Jakob Zahara (collectively, "Defendants") do not oppose the dismissal of Count IV or entry of final judgment but dispute Plaintiffs' proposed procedural mechanisms of doing so. Having reviewed the briefing and the relevant case law, the Court **grants in part and denies in part** Plaintiffs' motion for the reasons stated below.

**I.    BACKGROUND**

Plaintiffs' Second Amended Complaint ("SAC") originally asserted ten counts against Defendants. (Doc. 143.) However, on May 13, 2025, the Court granted Defendants' Motion for Summary Judgment with respect to each count except for Count IV, which the Court only granted partial summary judgment. (Doc. 257 at 31.) Plaintiffs

unsuccessfully moved for the Court to reconsider this disposition. (Doc. 286 at 11.)

Now that "only a portion of one count (Count IV, Unjust Enrichment) remained for a jury to resolve at trial," Plaintiffs pivoted. (Doc. 289 at 3.) In a meet and confer with Defendants, Plaintiffs represented that "they would move to voluntarily dismiss what remains of the Unjust Enrichment count" because "the financial and logistical realities of trial in a case so significantly curtailed no longer weigh in favor of proceeding." (*Id.*) However, Defendants did not agree to stipulate to the dismissal. (*Id.*) Thus, Plaintiffs bring the present motion.

## II.   LEGAL STANDARD

### A. Rule 15(a)

Rule 15(a) governs amended pleadings. Rule 15(a)(1) confers litigants with a right to amend once as a matter of course, and Rule 15(a)(2) covers all other amendments. When the latter applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

A plaintiff should be given leave to amend his complaint when justice so requires. *See, e.g., United States v. Hougham*, 364 U.S. 310, 316 (1960); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001) (citation omitted). Granting or denying leave to amend is a decision committed to the Court's discretion. *See Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012).

### B. Rule 41(a)(2)

Under Rule 41(a)(2), after an opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not

be prejudiced, or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citation omitted).

The decision to grant or deny a motion pursuant to Rule 41(a)(2) is "within the sound discretion of the trial court." *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 986 (9th Cir. 1989). "In exercising its discretion, the Court must make three separate determinations: (1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993).

**C. Rule 54(b)**

Rule 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." "Rule 54(b) relaxes the former general practice that, in multiple claims actions, *all* the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (emphasis in original) (citation modified). Thus, Rule 54(b) is designed to provide parties with an opportunity to appeal an unfavorable ruling before a case has fully terminated. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (Rule 54(b) "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case").

Before entering judgment under Rule 54(b), "the district court first must render 'an ultimate disposition of an individual claim.'" *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). "The court then must find that there is no just reason for delaying judgment on this claim." *Id.* "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *First Amend. Coal. of Ariz., Inc. v. Ryan*, No. CV-14-01447-PHX-NVW, 2016 WL 4236373, at *1 (D. Ariz. 2016) (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)).

### III. DISCUSSION

The parties disagree as to the following: (1) whether Plaintiff should be allowed to dismiss Count IV of Plaintiffs' SAC with prejudice under Rule 41(a)(2) or by amending the SAC under Rule 15(a); (2) whether dismissal should be conditioned on Plaintiffs paying Defendants' attorney fees and costs; and (3) whether entry of final judgment is appropriate under Rule 54(b) for the counts on which the Court previously granted summary judgment. The Court addresses each issue in turn.

#### A. Dismissal of Count IV

Plaintiffs ask the Court to allow them to either dismiss Count IV via amendment under Rule 15(a) or to voluntarily dismiss the Count under Rule 41(a)(2). (Doc. 289 at 4, 7.) Defendants argue that dismissal is only appropriate under Rule 41. (Doc. 291 at 4.) The Court agrees with Defendants.

Rule 41(a)(2) states: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." This Rule "governs dismissals of *entire actions*, not of individual claims." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (emphasis in original) ("Nothing in the case law suggests that Rule 41(a) extends to the voluntary withdrawal of individual claims against a defendant remaining in the case."). Thus, a plaintiff may not use Rule 41(a) "to dismiss, unilaterally, a single claim from a multi-claim complaint." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988). However, Rule 41(a) is also "reserved for circumstances in which the result of the alleged dismissal is that one or all of the defendants are released from the action." *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995).

Here, Rule 41(a)(2) applies because dismissal of Count IV—the only remaining count—would release Defendants from the action. Rule 15 does not apply because "Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims." *Gen Signal Corp.*, 66 F.3d at 1513; *see also Hells Canyon Pres. Council*, 403 F.3d at 687 ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism where a

plaintiff desires to eliminate an issue, or one or more but less than all of several claims, *but without dismissing as to any of the defendants*." (emphasis added) (citation modified)). Accordingly, the Court grants Plaintiffs' alternative request to dismiss with prejudice Count IV of its SAC pursuant to Rule 41(a)(2).

### B. Attorney's Fees and Costs

Plaintiffs ask the Court to grant their voluntary dismissal without condition because "the remainder of Count IV is being dismissed with prejudice." (Doc. 289 at 11.) Defendants disagree. They argue: "Under the circumstances, it would be appropriate to condition the dismissal of the case on Plaintiffs' payment of Defendants' reasonable attorneys' fees and costs incurred." (Doc. 291 at 5.) The Court agrees with Plaintiffs and will grant the dismissal without conditions.

As noted, Rule 41(a)(2) permits a Court to grant a motion for voluntary dismissal "on terms that the court considers proper." Thus, "[t]he decision as to the terms and conditions that should be imposed, if any, is within the discretion of the trial court." *Cerciello v. Blackburn Truck Lines Holding Co.*, No. 89–55789, 1990 WL 161724, at *2 (9th Cir. Oct. 23, 1990); *see also Hargis v. Foster*, 312 F.3d 404, 407 (9th Cir. 2002). "The most common condition is to require the plaintiff to compensate the defendant for costs and attorney's fees incurred in that suit." 2 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, § 41:27 (2025). The initial propriety of fees, however, is typically dependent on whether the dismissal is sought with or without prejudice.

1. *Dismissal Without Prejudice*

"Plaintiffs who seek to dismiss their case *without* prejudice often are required to pay some or all of the fees incurred by the opposing party." *Fast v. GoDaddy.com LLC*, No. CV-20-01448-PHX-DGC, 2022 WL 901380, at *2 (D. Ariz. Mar. 28, 2022) (emphasis in original); *see also Cerciello*, 1990 WL 161724, at *2 ("Courts often condition a dismissal without prejudice on the plaintiff's payment of the defendant's costs, including attorneys' fees."); *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1286 (9th Cir. 2023) ("[A] district court can award costs and attorney's fees as a condition of dismissal without prejudice

under Rule 41(a)(2)."). Here, Plaintiffs move to voluntarily dismiss Count IV with prejudice. (Doc. 289 at 1.) Therefore, the general rule of conditioning a nonprejudicial dismissal on the payment of fees is not implicated here.

2. *Dismissal With Prejudice*

"[D]istrict courts in the Ninth Circuit have determined that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal with prejudice." *Chang v. Pomeroy*, No. CIV S-08-0657 FCD DAD PS, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011) (emphasis omitted); *see also GoDaddy.com LLC*, 2022 WL 901380, at *2 (noting that dismissals with prejudice "should not be accompanied by an order to pay the opposing party's fees and costs"); *Angel Jet Servs., LLC v. Giant Eagle, Inc.*, No. CV 09-1489-PHX-SRB, 2012 WL 12538561, at *3 (D. Ariz. Mar. 13, 2012) (holding that "the Court cannot grant Defendants their attorneys' fees and costs as a condition of a voluntary dismissal with prejudice pursuant to Rule 41(a)(2)"); *Gonzalez v. Proctor & Gamble Co.*, No. 06cv869 WQH (WMc), 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) ("An award of costs and attorneys' fees should generally be denied if the voluntary dismissal is granted with prejudice."); *Chavez v. Wal-Mart Stores Inc.*, No. CV 13-6429-GHK (PJWx), 2014 WL 12591672, at *3 (C.D. Cal. Nov. 14, 2014) (denying defendant's request to impose fee conditions because plaintiff sought "voluntary dismissal with prejudice"). Although it appears the Ninth Circuit has not adopted or rejected this general rule[1], other circuits embrace it. *See, e.g.*, *Carroll v. E One Inc.*, 893 F.3d 139, 148 (3d Cir. 2018) (recognizing the "general rule" that "a dismissal with prejudice does not ordinarily warrant an award of fees and costs"); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (holding that the court will "continue to adhere to the rule that a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice"); *Colombrito v. Kelly*, 764 F.2d 122, 133–34 (2d Cir. 1985) ("[W]hen a lawsuit

---

[1] In *Kamal*, the Ninth Circuit noted that it has "not need[ed] to resolve whether a district court can impose attorney's fees as a condition under Rule 41(a)(2) when dismissing with prejudice." 88 F.4th at 1287; *see also Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242–43 (9th Cir. 1993) ("[W]e need not decide the other issues raised by [plaintiffs], e.g. whether a district court can impose conditions under [Rule] 41(a)(2) when the dismissal is with prejudice.").

- 6 -

is voluntarily dismissed *with prejudice* under [Rule] 41(a)(2), attorney's fees have almost never been awarded." (emphasis in original)); *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("Fees are not awarded [under 41(a)(2)] when a plaintiff obtains a dismissal *with prejudice* because the defendant cannot be made to defend again." (emphasis in original) (citation modified)); *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965) (holding that "attorney's fees are not proper where the dismissal is with prejudice").

The foregoing authorities are also uniform in their reasoning: "The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule[2] would preclude such an award." *Colombrito*, 764 F.2d at 134; *see also* Gensler, *supra*, at § 41:28 ("When the plaintiff seeks dismissal with prejudice, courts generally should not require payment of attorney's fees as a condition of a dismissal because the defendant is not confronted with the risk of repeat litigation, although such a condition might be appropriate in exceptional circumstances.").

Given the apparent ubiquity of this general rule, the Court finds it prudent to follow suit. Accordingly, the Court grants Plaintiffs' motion to voluntarily dismiss Count IV without conditions because Plaintiffs seek to dismiss the Count with prejudice. Nevertheless, Defendants also seek attorneys' fees and sanctions on grounds independent of Rule 41(a)(2) conditions.

3. *Independent Grounds for Attorney Fees and Sanctions*

Defendants assert three independent bases for fees and sanctions. Defendants argue they are entitled to attorney's fees and sanctions under section 12-349(A) of the Arizona Revised Statutes ("A.R.S."), 28 U.S.C. § 1927, and the inherent power of the Court.[3] (Doc.

---

[2] The American rule provides that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010).

[3] Courts often consider independent grounds for sanctions raised in response to Rule 41(a)(2) motions. *See, e.g.*, *Chavez v. Northland Grp.*, No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *3 (D. Ariz. Feb. 1, 2011) (analyzing a defendant's request to recover

291 at 5–10.)  The Court disagrees for the following reasons.

### a. A.R.S. § 12-349(A)

Defendants argue they are entitled to fees under A.R.S. § 12-349(A) because Plaintiffs brought this suit "without any evidence and without substantial justification." (Doc. 291 at 6.)  The Court cannot grant this requested relief as a matter of law. Section 12-349 "is inapplicable in federal court." *Offerpad Inc. v. Saenz*, No. CV-20-00668-PHX-DWL, 2021 WL 5634870, at *4 (D. Ariz. Dec. 1, 2021); *see also Larry's Apartment*, 249 F.3d at 838 (holding that it is not "proper to use the Arizona sanction statutes in federal litigation" where the "fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law"); *Pacesetter Consulting LLC v. Kaprelian*, No. CV-19-00388-PHX-DWL, 2021 WL 4820485, at *4 (D. Ariz. Oct. 15, 2021) ("[T]he Ninth Circuit has held that § 12-349 cannot serve as the basis for an award of sanctions by a federal court for litigation conduct occurring in federal court." (citing *Larry's Apartment*, 249 F.3d at 838-39)).  Accordingly, Defendants are not entitled to attorney's fees and sanctions pursuant to A.R.S. § 12-349.

### b. 28 U.S.C. § 1927

Defendants argue they are entitled to attorney's fees and sanctions under § 1927 because "Plaintiffs' counsel has unreasonably and vexatiously multiplied the proceedings in this case." (Doc. 291 at 7.)  The Court disagrees.

Section 1927 provides for the imposition of "excess costs, expenses, and attorneys' fees" on counsel who "multiplies the proceedings in any case unreasonably and vexatiously."  To award such sanctions, the Court must find subjective bad faith, which is "present when an attorney knowingly or recklessly raises a frivolous argument." *Diaz v. Messer*, 742 F. App'x 250, 251–52 (9th Cir. 2018) (quoting *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015)).  "An argument is frivolous if

---

attorney's fees "under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, and the inherent power of the court" in response to a plaintiff's Rule 41(a)(2) motion to voluntarily dismiss his complaint with prejudice).  Although a claim for attorney's fees must be made by motion, Rule 54(d)(2)(D) waives that requirement for a "claim for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927.  Fed R. Civ. P. 54(d)(2)(D).

- 8 -

its resolution is obvious or the argument is wholly without merit." *Id.* at 252 (citation modified).

Defendants allege Plaintiffs' original Complaint "contained very specific allegations that were all false and known to be false by plaintiffs and their attorneys at the time the complaint was filed." (Doc. 291 at 7.) Defendants' only support for this allegation is their claim that "Plaintiffs had absolutely no evidence of these claims when they filed the Complaint and after aggressively conducting discovery for over a year, Plaintiffs still do not have any evidence to support any of these allegations." (*Id.* at 8.) However, because § 1927 only provides sanctions for the vexatious multiplication of proceedings, "sanctions pursuant to 28 U.S.C. § 1927 cannot be applied to initial pleadings." *Figueroa v. Everalbum, Inc.*, 809 F. App'x 399, 400 (9th Cir. 2020); *see also In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("We have twice expressly held that § 1927 cannot be applied to an initial pleading."). Therefore, the Court cannot sanction Plaintiffs for their original complaint pursuant to § 1927.

Defendants next argue Plaintiffs vexatiously multiplied the proceedings in how they litigated their original civil conspiracy claim. Defendants correctly chronicle the history: Defendants successfully moved to dismiss the original conspiracy claim without prejudice; Plaintiffs refiled the claim in their first amended complaint ("FAC"); Defendants again successfully move to dismiss the claim without prejudice; and finally, Plaintiffs state the same conspiracy factual allegations in their SAC but remove the conspiracy cause of action. (Doc. 291 at 8–9.) The Court previously commented on this saga.

In Plaintiffs' Motion for Leave to File a SAC, they attempted to resurrect their conspiracy claims. (Doc. 131 at 4.) First, the Court noted Plaintiffs' continued struggle to allege a conspiracy: "the Court previously found Plaintiffs' conspiracy claim deficient and too speculative, first in failing to name a sufficient number of co-conspirators, (Doc. 35 at 7), then, after they named potential co-conspirators, they failed to provide facts to support more than a suspicion of a conspiracy (Doc. 77 at 3–4)." (Doc. 131 at 4.) Then, the Court denied Plaintiffs' request because—once again—Plaintiffs' proposed

amendment carelessly alleged a "conspiracy" "without any evidence to establish an agreement to engage in an unlawful scheme." (Doc. 131 at 7.) With all that said, the Court still found that "Plaintiffs' Motion was made in good faith." (*Id.* at 3.) Therefore, up to this point, this Court already determined that Plaintiffs did not litigate their conspiracy claims in bad faith. Defendants argue Plaintiffs later betrayed this judgment.

Defendants allege Plaintiffs unnecessarily multiplied the proceedings by realleging their FAC's conspiracy allegations in their SAC—despite this Court's order saying otherwise. True, Plaintiffs' SAC included conspiracy allegations. (Doc. 143 at 4 ¶¶ 3–4, 8–9.) However, Plaintiffs' SAC did not include a conspiracy count. Therefore, although Defendants chose to engage with these allegations again in their Motion for Summary Judgment—they did not have to. (Doc. 210 at 7.) Defendants moved for summary judgment on the merits of all ten *counts* of Plaintiffs' SAC. (*Id.* at 17.) Thus, they were not required to recontend with any factual allegations unrelated to these counts. Accordingly, the Court finds that § 1927 sanctions are not appropriate here because Plaintiffs did not act in bad faith[4] in litigating their conspiracy claims and did not vexatiously multiply the proceedings. *See Wight v. Achieve Hum. Servs., Inc.*, No. 2:12-CV-1170 JWS, 2012 WL 4359078, at *2 (D. Ariz. Sep. 21, 2012) ("Awards of attorney's fees under 28 U.S.C. § 1927 are not frequently made.").

**C. Final Judgment**

Plaintiffs ask the Court to enter final judgment for the counts on which the Court previously granted summary judgment—i.e., Counts I–III and V–X—pursuant to Rule 54(b). (Doc. 289 at 11–12.) Defendants disagree. They argue final judgment should be entered consistent with Rule 58 and ask the Court to include Count IV in that judgment. (Doc. 291 at 11.) The Court agrees with Defendants.

Rule 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." On the other hand, if the Court enters final judgment as

---

[4] Because the Court finds Plaintiffs did not act in bad faith, it also refuses to impose any sanctions under its inherent power. *See Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (recognizing that a "district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct").

- 10 -

1  to all claims, then it must comply with Rule 58.

2      Here, Rule 54(b) is not appropriate because this Order enters final judgment as to all claims.  First, the Court's dismissal of Count IV with prejudice, but without conditions, is a final judgment.  *See Fitzgerald v. Alleghany Corp.*, 882 F. Supp. 1433, 1435 (S.D.N.Y. 1995) ("A dismissal with prejudice pursuant to [Rule] 41(a)(2), as occurred here, is a final judgment on the merits favorable to the defendant."); *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 751 (9th Cir. 2008) (finding that a voluntary dismissal with prejudice under Rule 41(a)(2) was "unquestionably [a] final judgment").  Second, the Court's previous entry of summary judgment for Counts I–III and V–X is a final judgment.  *See Caballero-Rivera v. Chase Manhattan Bank, N.A.*, 276 F.3d 85, 87 (1st Cir. 2002) (holding that a "summary judgment ruling that disposed of plaintiffs' earlier claim constitutes a final judgment on the merits" (citation modified)).  Accordingly, the Court enters final judgment as to all claims in this action.

### IV.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED granting in part and denying in part** Plaintiffs' Motion to Dismiss Count IV and For Entry of Final Judgment (Doc. 289) consistent with this Order.  The Court grants Plaintiffs' motion to voluntarily dismiss Count IV with prejudice but without conditions.  The Court denies Plaintiffs' request to enter final judgment pursuant to Rule 54(b).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to dismiss Count IV with prejudice and enter final judgment as to all claims in this case consistent with this Order.

Dated this 27th day of October, 2025.

Honorable Susan M. Brnovich
United States District Judge