**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xfinity Mobile, et al., | No. CV-22-01950-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Globalgurutech LLC, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. 306) and Motion for Sanctions (Doc. 312). Plaintiffs oppose both of these Motions and moves for the Court to sanction Defendants and award them fees under 28 U.S.C. § 1927 (Doc. 319 at 14–16) and Federal Rule of Civil Procedure 11 (Doc. 348) for defending against each Motion. After reviewing the briefing and relevant case law, the Court **denies** Defendants' Motion and **denies** Plaintiffs' requests.

I.    **BACKGROUND**

Plaintiffs' Second Amended Complaint asserted ten counts against Defendants. (Doc. 143.) Two of these Counts were brought pursuant to the Lanham Act regarding trademark infringement. (*Id.* at 31–33.) The Court granted summary judgment as to nine of these counts. (Doc. 257.) The Court then granted Plaintiff's request to dismiss the final count with prejudice but without conditions. (Doc. 297.) Accordingly, the Court directed entry of final judgment as to all claims. (*Id.*) Defendants now contend they are entitled to attorneys' fees pursuant to 15 U.S.C. § 1117(a) of the Lanham Act. The parties have also

filed reciprocal motions for sanctions against the other.

## II.    DISCUSSION

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." § 1117(a). Plaintiffs do not dispute that Defendants are the prevailing party, thus the Court need only determine if this is an exceptional case.

### A. This is Not an Exceptional Case

"The Supreme Court explained that 'an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.'" *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180 (9th Cir. 2016) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). There is no precise formula for making this case-by-case determination, but a court may consider a nonexclusive list of factors, "including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 572 U.S. at 554 & n.6 (citation modified). At bottom, a court exercises its equitable discretion to determine whether, under the totality of the circumstances and in light of the nonexclusive factors, a trademark case is exceptional using a preponderance of the evidence standard. *SunEarth, Inc.*, 839 F.3d at 1181.

This case is not exceptional. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Octane Fitness*, 572 U.S. at 555. Neither are present here. True, in its Order granting summary judgment, the Court frequently commented on Plaintiffs' failure to establish or proffer evidence as to its claims. (Doc. 257 (filed under seal).) But, although the Court found in favor of Defendants for nine of Plaintiffs' claims, it noted this was a close call at times. Moreover, the Court found there was a genuine dispute as to

Plaintiffs' unjust enrichment claim. Additionally, the Court recently rejected Defendants' request for § 1927 sanctions because the Court found that Plaintiffs did not act in bad faith. Thus, although Plaintiffs' case was weak, "that does not equate to a frivolous case." *Endo Fitness LL, LLC v. F-19 Holdings, LLC*, No. 2:22-CV-03124-MEMF-JC, 2024 WL 5342152, at *3 (C.D. Cal. Apr. 17, 2024). At the end of the day, Plaintiffs' claims were not unreasonable; there were some factual and legal bases. Accordingly, on balance, the totality of the circumstances indicate that this case is not exceptional. The Court also denies Defendants' Motion for Sanctions pursuant to its inherent power because the Court finds Plaintiffs did not act with bad faith. *See Kinkeade v. Beard*, No. 215CV1375TLNCKDP, 2017 WL 4181079, at *4 (E.D. Cal. Sep. 20, 2017) ("[I]n order to sanction a litigant under the court's inherent powers, the court must make a specific finding of 'bad faith or conduct tantamount to bad faith.'" (citing *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001))).

### B. Plaintiffs' Request for Attorneys' Fees and Sanctions

Finally, Plaintiffs contend they are entitled to recover their fees and costs for having to respond to both of Defendants' Motions. (Docs. 319 at 14; 348 at 1.) Section 1927 provides for the imposition of "excess costs, expenses, and attorneys' fees" on counsel who "multiplies the proceedings in any case unreasonably and vexatiously." To award such sanctions, the Court must find subjective bad faith, which is "present when an attorney knowingly or recklessly raises a frivolous argument." *Diaz v. Messer*, 742 F. App'x 250, 251–52 (9th Cir. 2018) (quoting *Blixseth v. Yellowstone Mountain Club*, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015)). "Rule 11 permits sanctions 'when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose.'" *Silva v. AvalonBay Communities, Inc.*, No. LA CV15-04157 JAK (PLAx), 2015 WL 11422302, at *11 (C.D. Cal. Oct. 8, 2015) (quoting *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997)).

Plaintiffs' request is unfounded. There is no evidence of subjective bad faith. Defendants' Motions, although unsuccessful, are not frivolous. Defendants support their contentions with appropriate case law and reasonable arguments. Additionally, the

Motions do not unreasonably multiply the proceedings. Defendants could not have requested § 1117(a) fees until they were the prevailing party—i.e., when the Court entered final judgment in their favor. Therefore, none of the Court's prior attorneys' fees rulings pertain to the issue of exceptionality.

Although the imposition of Rule 11 sanctions does not require a finding of subjective bad faith, the Court "has a wide discretion in determining if Rule 11 sanctions are appropriate." *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2021 WL 3400608, at *6 (D. Ariz. July 20, 2021), *aff'd*, No. 21-15051, 2022 WL 4115495 (9th Cir. Sep. 9, 2022). The Court finds that Defendants Motions were not frivolous, legally unreasonable, without factual foundation, or brought for an improper purpose. Both parties have litigated this case aggressively, but not vexatiously or for improper purposes.

Accordingly, the Court denies Plaintiffs' request for sanctions pursuant to § 1927 and Rule 11.

### III.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** Defendants' Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. 306) and Motion for Sanctions (Doc. 312).

**IT IS FURTHER ORDERED denying** Plaintiffs' request for § 1927 sanctions (Doc. 319) and Motion for Rule 11 Sanctions (Doc. 348).

Dated this 11th day of May, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 4 -